UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL P. ESCAMILLA,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDEW M. SAUL, Commissioner of Social Security,<br><br>        Defendant. | Case No. 17-cv-01621-BAS-JMA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES (ECF No. 21)** |

Presently before the Court is Plaintiff Manuel Escamilla's motion for approval of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 21.) The Commissioner of Social Security responded to the motion. (ECF No. 23.) The Court finds Escamilla's motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion for approval of attorney's fees.

**I.    BACKGROUND**

On August 24, 2012, Escamilla filed an application for a period of disability and disability insurance benefits, alleging disability commencing on February 2, 2009. (Administrative Record ("AR") 186–88, ECF No. 8.) The claim was denied on initial review on January 24, 2014, and on reconsideration on June 23, 2014. (AR 129–34.)

Escamilla then requested a de novo hearing before an Administrative Law Judge ("ALJ") on July 10, 2014.  An ALJ heard the case and determined Escamilla was not disabled as defined under the Social Security Act.  (AR 22–47.)  Escamilla requested an Appeals Council review, but the request was denied on June 13, 2017—making the ALJ's decision the final decision of the Commissioner.  (AR 1–7.)

To challenge the Commissioner's decision, Escamilla retained counsel and entered into a Social Security Representation Agreement ("Representation Agreement").  (Representation Agreement, Rohlfing Decl. ¶ 2, Ex. 1, ECF No. 21-1.)  The Representation Agreement provides that the fee for "successful prosecution of this matter is . . . 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."  (*Id.* § 4.)

On August 10, 2020, Escamilla sought judicial review in this Court.  (ECF No. 1.)  He and the Commissioner then filed cross-motions for summary judgment.  (ECF Nos. 10, 11.)  On June 14, 2018, the Court issued an order granting Escamilla's motion for summary judgment and denying the Commissioner's cross-motion.  (ECF No. 15.)  In brief, the Court found that the ALJ committed harmful error by improperly handling medical opinion evidence.  (*Id.*)  Hence, the Court reversed the Commissioner's decision and remanded the matter for further proceedings.  (*Id.*)

In light of the Court's decision, the parties filed a joint motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 18.)  The Court granted the joint motion and awarded Escamilla $2,600 in attorney's fees.  (ECF No. 20.)

Upon remand, an ALJ held a second hearing and heard additional testimony.  And in a fully-favorable decision dated June 5, 2020, the ALJ found Escamilla to be disabled as of November 11, 2011.  (Rohlfing Decl. ¶ 3, Ex. 2, ECF No. 21-2.)  Accordingly, on July 15, 2020, the Agency issued a notice providing that Escamilla is entitled to approximately $190,000 in past-due benefits.  (*See id.* ¶ 4, Ex. 3, ECF No. 21-3.)

Escamilla now returns to this Court to seek approval of attorney's fees of $30,000—approximately 15.8% of the past-due benefits. (Mot., ECF No. 21.) The real-party-in-interest, Escamilla's counsel, served a copy of the motion on Escamilla and informed him that he could oppose the request. (Proof of Service, ECF No. 21 at 15.) He has not done so. The Commissioner, however, has filed a response. (ECF No. 23.)

## II.  ANALYSIS

The law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. § 406(a)–(b). The representation here concerned Escamilla's claim for benefits under Title II of the Social Security Act. Title II "'is an insurance program' that 'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Culbertson v. Berryhill*, 139 S. Ct. 517, 519–20 (2019) (quoting *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)). A claim for Title II benefits may "result in payments of past-due benefits—*i.e.*, benefits that accrued before a favorable decision—as well as ongoing monthly benefits." *Id.* (citations omitted).

Escamilla received an award of past-due benefits after this Court entered a judgment in his favor. Hence, the relevant fee provision is 42 U.S.C. § 406(b). This statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Accordingly, § 406(b) limits fees for representation before the court "to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees." *Culbertson*, 139 S. Ct. at 520.

Social Security claimants routinely enter into "contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800

– 3 –

(2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc).  In *Gisbrecht*, the Supreme Court determined that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  535 U.S. at 807.  Instead, because the statute authorizes a "reasonable fee," it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See id.*

Further, where a contingency agreement exists, the Supreme Court emphasized that the starting point for assessing the reasonableness of the fee amount is the agreement itself, not the familiar lodestar method.  *Gisbrecht*, 535 U.S. at 797–809.  In testing the contingency agreement's reasonableness, the court may appropriately reduce "the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808.  For example, a downward adjustment may be justified if the attorney was responsible for delay, "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* at 808.  Moreover, where counsel is set to receive a windfall because "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See id.* at 808; *accord Astrue*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.").  "As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Astrue*, 586 F.3d at 1151.  However, "'satellite litigation' over attorneys' fees should not be encouraged." *Id.* at 1152 (quoting *Gisbrecht*, 535 U.S. at 808).  Finally, although the court's focus is on the contingency agreement, the court can "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee."[1] *Id.*

---

[1] Because fees under § 406(b) are paid from past-due benefits, the Commissioner of Social Security "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.  The

Escamilla's Representation Agreement authorizes his counsel to receive "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Representation Agreement § 4.)[2] In assessing whether the requested fee is reasonable, the Court initially notes that there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement. *See Astrue*, 586 F.3d at 1145. Indeed, such agreements are common, and Escamilla has been given the opportunity to oppose the motion for approval of his counsel's fee. He has not done so. Further, a reduction for substandard performance is not warranted. Escamilla's counsel ably represented him and was successful in obtaining a favorable judgment that led to his award of substantial past-due benefits. Nor is a reduction for delay warranted here. Escamilla's counsel met every briefing deadline in this case, and there was thus no "'excessive delay' attributable to" Escamilla's counsel in the proceedings before this Court. *See id.* at 1146.

In addition, the proposed fee would not be a windfall to Escamilla's counsel. Although the Representation Agreement authorizes counsel to seek up to 25% of Escamilla's past-due benefits—approximately $47,500—the requested fee of $30,000 is only about 15.8% of the past-due benefits. The requested fee, which is "significantly lower" than the fee bargained for in the Representation Agreement, is "not excessively large in relation to the benefits achieved." *See Astrue*, 586 F.3d at 1151. Moreover, Escamilla's counsel's decision to "voluntarily reduce[]" the requested fee from "the allowable 25%" suggests the fee will not be a windfall. *See id.* at 1152.

---

Commissioner "takes no position" in this case whether the requested fee "is reasonable under the case law." (ECF No. 23.)

[2] The Representation Agreement also provides Escamilla's counsel may seek a *separate* 25% of his past-due benefits for work before the Agency. (*See* Representation Agreement §§ 3–4.) The Supreme Court has determined that "the 25% cap" in § 406(b) "applies only to fees for representation before the court, not the agency." *Culbertson*, 139 S. Ct. at 522. Escamilla's counsel states to the Court that he "will seek fees under 42 U.S.C. § 406(a)." (Rohlfing Decl. ¶ 6.) However, "[t]he aggregate of all fees received by counsel from administrative and Court awards will not exceed 25 percent of back benefits." (*Id.*; *see also* Mot. 6–7 ("Counsel exercises billing discretion to limit the aggregate of all fees received to 25% of the past due benefits, the only withholding the Commissioner makes.").) Hence, although the Representation Agreement and the law may entitle Escamilla's counsel to seek a larger share of his past-due benefits than 25%, counsel represents that he will not do so in this case.

– 5 –

17cv1621

Further, the Court notes that counsel spent 11.2 hours of attorney time and 3.45 hours of paralegal time on Escamilla's case at the district court level. Although counsel is receiving a substantial award on a per-hour basis, the Court does not want to penalize counsel for being efficient. Counsel also highlights various district court decisions in the Ninth Circuit approving comparable fees at comparably high hourly rates. (*See* Mot. at 4–6.) The Court finds consideration of the hourly rate is not particularly helpful in this case and does not establish the fee would be a windfall.

Overall, the Court finds that the requested fee is reasonable. Escamilla agreed that his counsel would be paid up to 25% of his past-due benefits for representation in this Court, and his counsel chose to bear the risk of non-payment in the event that the appeal was unsuccessful. His counsel now seeks $30,000, which is only approximately 15.8% of the past-due benefits. Escamilla has not objected to this request. Given the circumstances of the case, the Court finds a downward adjustment to the requested fee is not appropriate. Therefore, the Court will grant Escamilla's motion for approval of $30,000 in fees under 42 U.S.C. § 406(b).

\* \* \*

Having approved fees under § 406(b), the Court briefly discusses Escamilla's counsel's prior EAJA award. As mentioned, the Court awarded Escamilla's counsel $2,600 in fees under the EAJA. "Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [EAJA, 28 U.S.C.] § 2412." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). "However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Id.*; *see also Gisbrecht*, 535 U.S. at 796 (noting the claimant's attorney must refund to the claimant the smaller fee amount). Because here Escamilla's counsel's fees under the EAJA and § 406(b) are for the same work, the Court will order Escamilla's counsel to remit the $2,600 fee award to Escamilla.

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS** Escamilla's motion for approval of attorney's fees under 42 U.S.C. § 406(b) (ECF No. 21).  The Court approves Escamilla's counsel's request to receive $30,000 in fees withheld by the Social Security Administration.  Further, the Court **ORDERS** Escamilla's counsel to remit to Escamilla the $2,600 that counsel received under the EAJA.

**IT IS SO ORDERED.**

DATED: August 26, 2020

Hon. Cynthia Bashant
United States District Judge